IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

No. 14-7086

---

NOT YET SCHEDULED FOR ORAL ARGUMENT

---

**LATONYA BOOSE,**
*Plaintiff-Appellant*,

vs.

**THE DISTRICT OF COLUMBIA**
*Defendant-Appellee*.

---

ON APPEAL FROM AN ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

---

**BRIEF FOR THE APPELLANT**

---

Douglas Tyrka
Tyrka & Associates, LLC
7322 Churchill Rd.
McLean, VA  22101
(202) 332-0038
tyrka@tyrkalaw.com

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

A. *Parties and amici.* The plaintiff below and appellant here is LaTonya Boose. The defendant below and appellee here is the District of Columbia. There are no amici.

B. *Ruling under review.* Ms. Boose appeals from the May 22, 2014, memorandum opinion and order (Leon, J) granting the District summary judgment. Doc. 17-18.

C. *Related cases.* This case has not been before any court except the district court below. There are no related cases.

## TABLE OF CONTENTS

JURSIDICTIONAL STATEMENT………………..…………………….………1

STATEMENT OF THE ISSUES……………………..………………………….1

STATEMENT OF THE CASE..............................................................................1

    Statutory Framework……………………………………………………...1

    Background……………………………………………………………….2

STANDARD OF REVIEW..................................................................................7

SUMMARY OF THE ARGUMENT....................................................................8

ARGUMENT…………………………………………………………………....8

I.    AN EXTRAJUDICIAL DETERMINATION REGARDING
    COMPENSATORY EDUCATION WOULD NOT *PER SE* RENDER THIS
    CASE MOOT……………………………………………………………......9

    A. Only An "Appropriate" Compensatory Education Determination Would
       Match The Relief Sought By Ms. Boose……………………………….10

    B. Ms. Boose Seeks A Declaratory Judgment, Which Would Be
       Effectual…………………………………………………………….....11

II.   THE FACT OF WHETHER DCPS MADE ANY COMPENSATORY
    EDUCATION DETERMINATION IS AT BEST DISPUTED…………...12

CONCLUSION………………………………………………………………...13

## TABLE OF AUTHORITIES

### Cases

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)…………………………7-8, 12

*Church of Scientology v. United States*, 506 U.S. 9, 13 (1992)……………………8

*Dist. of Columbia v. Nahass*, 699 F. Supp. 2d 175, 184 (D.D.C. 2010)…………..11

*DL v. D.C.*, 713 F.3d 120 (D.C. Cir. 2013)……………………………………………...1

*Greer v. Paulson*, 505 F.3d 1306, 1315 (D.C. Cir. 2007)………………………....12

*Lesesne ex rel. B.F. v. Dist. of Columbia*, 447 F. 3d 828 (D.C. Cir. 2006)…….6, 9

*Reid ex rel. Reid v. D.C.*, 401 F.3d 516 (D.C. Cir. 2005)………………………..1, 2

*Tao v. Freeh*, 27 F.3d 635 (D.C. Cir. 1994)…………………………………..7, 12

_____

* Authority upon which the Appellant chiefly relies.

### Statutes and Regulations

20 U.S.C. § 1400, *et seq*…………………………………………………………………1

20 U.S.C. § 1412(a)(3)(A)………………………………………………………..........2

20 U.S.C. § 1415……………………………………………………………………….…2

20 U.S.C. § 1415(i)…………………………………………………………………….…5

28 U.S.C. § 1291……………………………………………………………………….....1

28 U.S.C. § 1331……………………………………………………………………….....1

# GLOSSARY

| | |
|---|---|
| DCPS | District of Columbia Public Schools |
| FAPE | Free Appropriate Public Education |
| IDEA | Individuals with Disabilities Education Act |
| IEP | Individualized Education Program |
| MDT | Multidisciplinary Team |

## JURISDICTIONAL STATEMENT

The district court had jurisdiction over this case under 28 U.S.C. § 1331. This Court has jurisdiction over this appeal under 28 U.S.C. § 1291 because it is an appeal from a final order of the district court.

The order in question was entered on May 22, 2014. The Appellant filed a timely notice of appeal on June 20, 2014.

## STATEMENT OF THE ISSUES

1.   Whether this case is moot when a court may still declare that the student was denied a free appropriate public education and order appropriate compensatory education relief.

2.   Whether the district court wrongly granted summary judgment dependent upon a fact that was in dispute and unsupported by admissible evidence.

## STATEMENT OF THE CASE

Statutory Framework

The Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*, guarantees, "among other things, that 'free appropriate public education,' or 'FAPE,' is available to disabled children." *Reid ex rel. Reid v. D.C.*, 401 F.3d 516, 518 (D.C. Cir. 2005).

"A principal means of fulfilling [the FAPE] obligation is to establish a 'Child Find' program under which children with disabilities in need of special education 'are identified, located, and evaluated and a practical method is developed and implemented to determine which children with disabilities are currently receiving needed special education and related services.'" *DL v. D.C.*, 713 F.3d 120, 121 (D.C. Cir. 2013), *quoting* 20 U.S.C. § 1412(a)(3)(A).

Congress has afforded parents several procedural safeguards, including the right to an administrative "due process hearing." *See* 20 U.S.C. § 1415. "Any party aggrieved by the findings and decision" at a due process hearing has the right "to bring a civil action with respect to the complaint presented...in a district court of the United States without regard to the amount in controversy." 20 U.S.C. § 1415.

As part of their relief, parents may obtain compensatory education. Compensatory education consists of prospective services "reasonably calculated to provide the educational benefits that likely would have accrued from special education services the school district should have supplied in the first place." *Reid*, 401 F.3d at 524 (D.C. Cir. 2005).

Background

Ms. Boose's son A.G. is currently eight years old. Doc. 8-1 at 5. A.G. is eligible for special education under the IDEA. Doc. 10-5.

A.G. has attended Kimball Elementary School, a District of Columbia Public Schools ("DCPS") school since his kindergarten year of 2011-2012. *See* Doc. 8-6 at 197-98. During that school year, A.G. exhibited many behavior and attention problems that interfered with his education. *See* Doc. 8-1 at 16; Doc. 8-6 at 200; Doc. 8-7 at 201-218. A.G.'s teacher advised Ms. Boose that A.G. might be retained in kindergarten at the end of the year, and regularly requested that Ms. Boose talk on the phone with A.G. during the school day and even sit in class with A.G. to control his behavior. *See* Doc. 8-7 at 209-218. Ms. Boose held a full-time job, but nonetheless complied with that request as best she could. *See id.*

DCPS did not take any action to assess or evaluate A.G. for special education during the 2011-2012 school year. Doc. 8-7 at 225-26.

With Ms. Boose's regular intervention during the school day, A.G. performed well enough to advance to first grade for the 2012-2013 school year, but his new teacher immediately reported attention and behavior problems interfering with A.G.'s education. *See* Doc. 8-6 at 198-200; Doc. 8-7 at 201; Doc. 8-7 at 218-21. The teacher requested that Ms. Boose again sit in class with A.G. to control his behavior. *See* Doc. 8-7 at 219-20.

At Ms. Boose's request, on September 10, 2012, A.G.'s teacher completed her portion of a screening assessment for attention, behavioral, and emotional disorders. *See* Doc. 8-1 at 30-32; Doc. 8-6 at 160-63; Doc. 8-7 at 221-22. The

3

teacher indicated that A.G. "often" or "very often" exhibited almost all of the problems related to attention and impulse control (as opposed to emotional disturbance). Doc. 8-1 at 30 (items 1-18). The teacher indicated that almost every aspect of A.G.'s performance in school was "problematic" or "somewhat of a problem." Doc. 8-1 at 31.

On September 26, 2012, Ms. Boose filed a due process complaint against DCPS under the child-find provisions of the IDEA, alleging the failure timely to identify, locate, and evaluate A.G., a student with a suspected disability. Doc. 8-1 at 36-42. As relief, Ms. Boose requested that the hearing officer 1) declare that DCPS had denied A.G. FAPE; 2) order DCPS to fund independent evaluations of A.G.; 3) order DCPS to determine A.G.'s eligibility and develop an individualized education program ("IEP") for him; and 4) award compensatory education relief in some form. Doc. 8-1 at 38-39.

After a hearing, on December 8, 2012, the assigned hearing officer dismissed Ms. Boose's claims. Doc. 8-1 at 3-11.

DCPS still had not evaluated A.G. during those months, so on December 11, 2012, Ms. Boose sent DCPS a formal request for an evaluation of A.G. Doc. 10-3. On March 11, 2013, approximately 18 months after A.G. first exhibited his problems in school and almost 6 months since Ms. Boose filed her due process complaint, DCPS completed the evaluation process, determined A.G. to be eligible

4

for special education as a child with an "other health impairment" – ADHD – and developed an IEP prescribing specialized instruction for him. Doc. 10-5.

Meanwhile, a few days before Ms. Boose had filed her complaint in the district court to challenge the hearing officer's decision.[1] Doc. 1. In her federal complaint Ms. Boose requested the same relief she had requested at the administrative level. *See id.*

The parties filed cross-motions for summary judgment per the district court's schedule. By the time of those filings, though DCPS had evaluated A.G. and had developed an IEP for him, DCPS had not funded the independent evaluations and had not provided A.G. any compensatory education, so in Ms. Boose's motion she continued to seek the same relief she had always sought. Doc. 10 at 1-2.

The District argued that the case was moot because DCPS had evaluated A.G., found him eligible, developed an IEP for him and, according to the District, "considered compensatory education, and determined that compensatory education was not warranted." Doc. 11 at 10. Ms. Boose responded that the case was not moot because the court could still order the funding for independent evaluations, order the meeting following those evaluations, declare that DCPS had denied A.G.

---

[1] Ms. Boose filed her federal complaint at the deadline for doing so. *See* Doc. 8-1 at 10, *citing* 20 U.S.C. § 1415(i).

FAPE, and, "arguably most importantly," order "appropriate compensatory education relief" in one or more forms. Doc. 14 at 1-3. Though Ms. Boose's argument was not dependent on this one fact, she presented two verified statements stating that DCPS had never discussed compensatory education as claimed by the District. *See* Doc. 14 at 3; Doc. 14-7; Doc. 14-8.

The district court decided the case on May 22, 2014, granting the District summary judgment on all claims. Docs. 17-18. In a three-paragraph analysis, the district court ruled solely on Article III mootness. *See* Doc. 17 at 5-6.

Without mentioning what relief Ms. Boose had actually requested, the district court stated that relief for her claims, if granted, "would consist of an order requiring DCPS to evaluate A.G. in order to determine his eligibility for special education and other related services." Doc. 17 at 5. Because DCPS had already evaluated A.G. and developed an IEP for him, the district court held the case to be moot. *See id.* at 5-6.

Though Ms. Boose had highlighted the compensatory education issue in her filings and had cited this Court's decision in *Lesesne ex rel. B.F. v. Dist. of Columbia* regarding compensatory education and mootness, the district court said nothing about compensatory education in its analysis. *See* Doc. 17 at 5-6; Doc. 14 at 3, *citing* 447 F. 3d 828, 833 (D.C. Cir. 2006).

6

The district court did mention compensatory education in one sentence of the background section, stating that DCPS had "determined…that compensatory education was not warranted" at the March 11, 2013 multidisciplinary ("MDT") meeting. Doc. 17 at 3. The district court said nothing about Ms. Boose's evidence that no discussion or determination had occurred at that meeting, and said nothing about whether the alleged determination had been "appropriate" as requested by Ms. Boose. *See id.*

Ms. Boose timely filed this appeal. She seeks a reversal of the summary judgment for the reason that this case is not moot because a court may still declare that DCPS denied A.G. FAPE and order compensatory education relief.[2]

## STANDARD OF REVIEW

This Court reviews "the grant of summary judgment [] de novo, applying the same standards as the district court." *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994).

"Summary judgment should be granted only where there are no genuine issues of material fact, and all inferences must be viewed in a light most favorable to the non-moving party." *Id.*, *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S.

---

[2] DCPS has now funded the independent evaluations, so Ms. Boose no longer seeks that relief.

7

242, 250, 255 (1986). "If material facts are at issue, or, though undisputed, are susceptible to divergent inferences, summary judgment is not available." *Id.*

## SUMMARY OF THE ARGUMENT

This case is not moot because a court may declare that DCPS denied A.G. FAPE and order appropriate compensatory education relief.

Even accepting, as the district court did, the District's contention that DCPS made a compensatory education determination, this case is not moot because a court may still make the requested declaration and may order a determination of "appropriate" compensatory education or order funding for a compensatory education evaluation.

This Court should not accept the District's factual contention and uphold summary judgment because that fact is disputed. Additionally, the allegation is based upon inadmissible evidence that does not contain a factual statement in any case.

## ARGUMENT

If a court can order any effectual remedy, a case is not moot. *See Church of Scientology v. United States*, 506 U.S. 9, 13 (1992) ("Even though it is now too late to prevent, or to provide a fully satisfactory remedy…a court does have power to effectuate a partial remedy[.]…The availability of this possible remedy is sufficient to prevent this case from being moot."). More specifically, where an

8

IDEA plaintiff seeks compensatory education relief, the resolution of other requested relief does not moot the case. *Lesesne*, 447 F.3d at 833 (D.C. Cir. 2006).

That is exactly the situation in this case. In her federal complaint and her summary judgment motion, Ms. Boose requested, in addition to other relief, 1) a declaration that DCPS had violated the IDEA and had denied A.G. FAPE; and 2) an injunction ordering DCPS to "discuss compensatory education and to devise an appropriate compensatory education plan" at an IEP meeting. Doc. 1 at 1-2; Doc. 10 at 1-2; see Doc. 8-1 at 38-39.[3] That relief remained – and remains – available and effectual.

In the district court's three-paragraph analysis, the court said nothing about this requested relief. Doc. 17 at 5-6. In the background section of the opinion the district court did make a finding related to compensatory education, but that finding is invalid and, in any case, insufficient to render Ms. Boose's specific request moot. *See* Doc. 17 at 3.

I. **AN EXTRAJUDICIAL DETERMINATION REGARDING COMPENSATORY EDUCATION WOULD NOT *PER SE* RENDER THIS CASE MOOT**

As addressed below, the district court should never had found that the MDT had made a compensatory education determination. Regardless, had the MDT in

---

[3] Ms. Boose also requested, in the alternative, that DCPS be ordered to fund an evaluation to determine A.G.'s compensatory education needs, which evaluation could form the basis for a future request or claim for compensatory education.

9

fact discussed compensatory education and determined that A.G. deserved none, that discussion and determination still would not have mooted Ms. Boose's case. In her due process complaint, in her federal complaint, and in her summary judgment filings, Ms. Boose consistently sought not just any compensatory education determination, but an "appropriate" one, following a declaration that DCPS had denied A.G. FAPE. Doc. 8-1 at 38-39; Doc. 1 at 1-2; Doc. 10 at 2.

### A. Only An "Appropriate" Compensatory Education Determination Would Match The Relief Sought By Ms. Boose.

If Ms. Boose wins the relief she seeks, DCPS will be obliged to develop "an appropriate compensatory education plan to compensate A.G. for DCPS' failures." Doc. 10 at 2. If DCPS develops a plan that Ms. Boose considers inappropriate, she will thereby have the right to ask a tribunal to review. Ms. Boose does not currently have that right, so that relief would be effectual.

For this reason, no compensatory education determination by DCPS can moot this case unless it is "appropriate." The appropriateness of DCPS's denial of compensatory education has never been litigated; the district court made no determination regarding the appropriateness of, and the District declined even to argue the point.

### B.   Ms. Boose Seeks A Declaratory Judgment, Which Would Be Effectual.

A compensatory education determination at the MDT meeting would not have rendered this case moot because Ms. Boose seeks declaratory relief. The declaratory relief sought would have great effect in this case.

Without a litigated determination that DCPS denied A.G. FAPE, DCPS is free to determine that A.G. deserves no compensatory education because DCPS has done no wrong. Even if this Court accepts the district court's finding that the team made a compensatory education determination, given that DCPS gave A.G. no compensatory education at all, there is every reason to believe that that determination rested entirely upon DCPS's belief in its own innocence.

Because the declaratory judgment would influence any compensatory education discussion and determination, in this way it would constitute effectual relief. *See Dist. of Columbia v. Nahass*, 699 F. Supp. 2d 175, 184 (D.D.C. 2010) ("Indeed, the declaratory relief…sought at the administrative proceeding was not insignificant because a finding that the District failed to provide appropriate educational or related services would have entitled P.M. to compensatory educational services."). This case is not moot while that relief is available.

11

## II.  THE FACT OF WHETHER DCPS MADE ANY COMPENSATORY EDUCATION DETERMINATION IS AT BEST DISPUTED

In one sentence citing one document, the district court found that the team had "determined…that compensatory education was not warranted." Doc. 17 at 3. The court apparently based this finding on one line from DCPS's notes of the meeting, which simply states: "Compensatory education is not warranted at this time." *See* Doc. 17 at 3; *citing* Doc. 10-5 at 3-4.

At best, the fact of whether DCPS considered compensatory education is disputed. Ms. Boose presented the verified statements of two witnesses who averred that DCPS did not consider compensatory education at all at the meeting. Doc. 14-7; Doc. 14-8. It appears that the district court gave no consideration of that evidence, but even if it did, the court nonetheless erred in granting the District summary judgment when this fact was disputed. *See Tao*, 27 F.3d at 638 (D.C. Cir. 1994), *citing Anderson*, 477 U.S. at 250, 255 (1986).

In actuality, there is no dispute regarding the material fact; all the admissible evidence is in Ms. Boose's favor.

The district court should never have considered the line from DCPS's notes in DCPS's favor. To the degree that the notes state facts, they are unusable hearsay. *See Greer v. Paulson*, 505 F.3d 1306, 1315 (D.C. Cir. 2007) (hearsay cannot be considered for summary judgment). While a hearsay exception could theoretically apply, the District did not establish that the notes were prepared by

12

someone under a legal duty to keep the notes (for the public records exception) and did not provide authentication or certification (for the business records exception). *See* Fed. R. Evid. 803(6)(D), 803(8)(A)(ii).

Admissibility aside, the notes do not state that the team "determined…that compensatory education was not warranted," or any fact at all. Doc. 17 at 3. The notes just state the judgment – of some unidentified person or persons – that "[c]ompensatory education is not warranted." Doc. 10-5 at 4.

The only evidence cited for the contention that DCPS made a compensatory education determination is an inadmissible statement, countered by two verified statements, which does not in fact state the fact. This case should not be held moot on that basis.

## CONCLUSION

For these reasons, this Court should hold that this case is not moot, reverse the order of the district court, and remand to the district court.

Respectfully submitted,

/s/ Douglas Tyrka
Douglas Tyrka, #467500
Tyrka & Associates, LLC
7322 Churchill Rd.
McLean, VA  22101
(ph) (202) 332-0038
(f) (202) 332-0039
tyrka@tyrkalaw.com

13

# CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume limitation in Federal Rule of Appellate Procedure 32(a)(7)(B) because the brief contains 2,760 words, excluding exempted parts. This brief complies with the typeface and type style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2013 in Times New Roman 14 point.

Respectfully submitted,

/s/ Douglas Tyrka
Douglas Tyrka

# CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2014, a copy of this brief was served via the Court's electronic service on

Richard S. Love
Senior Assistant Attorney General
Office of the Solicitor General
Office of the Attorney General
441 4th Street, NW, Suite 600S
Washington, D.C. 20001

Respectfully submitted,

/s/ Douglas Tyrka
Douglas Tyrka